Gary C. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: Gary_colbath@fd.org

Counsel for Defendant Rey Joel Soto-Lopez

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:19-cr-00114-SLG-MMS |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S OBJECTIONS TO MAGISTRATE COURT'S INITIAL REPORT & RECOMMENDATION (DK. 59) REGARDING MOTION TO SUPPRESS EVIDENCE** |
| REY JOEL SOTO-LOPEZ, | |
| Defendant. | |

Defendant Rey Joel Soto-Lopez, through counsel, Gary C. Colbath, Assistant Federal Defender, respectfully submits the following objections to the Magistrate Court's Initial Report and Recommendations, Dk. 59, regarding Defendant's motion to suppress.

**I. FACTUAL OBJECTIONS**

Defendant does not object to the factual findings made by the Magistrate Court based on the testimony of Officer Howard and audio/video exhibit depicting the stop, seizure and search of Defendant and his vehicle.

**II. LEGAL OBJECTIONS**

Defendant objects to the following legal conclusions:

On page 10 the Magistrate Court concludes that Officer "Howard did not exceed the reasonable scope of a parole search authorized under state law." Consistent with

Defendant's arguments in his initial motion, Defendant objects to this finding and notes that based on the layout and nature of the center console of Defendant's vehicle, it was unreasonable for Howard to believe alcohol would be found inside and therefore his search of that area was beyond the scope of the authorized parole search.

Next, Defendant objects to the conclusion/analysis on pages 10-12 determining that "AST Howard's impoundment of Soto-Lopez's vehicle was not a Fourth Amendment violation." The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment. *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). A seizure results if "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992). The Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy. *Id.* at 62–64 ("Although lacking a privacy component, the property rights in both instances nonetheless were not disregarded, but rather were afforded Fourth Amendment protection.").

The Magistrate correctly found that Howard violated Alaska Administrative Code § 13 AAC 02.345(c) in multiple respects. The statute is set forth in both Defendant's original filing and Docket No. 59. AAC §13.02.345(c) informs officers, like Howard, on the proper <u>and required</u> procedure they are mandated to follow when exercising their community caretaking function by impounding a citizen's car.

In this case, the evidence is uncontroverted that Howard was NOT impounding the vehicle based on criminal probable cause or for some investigatory purpose. Instead, he

was impounding it and turning it over to ASAP Towing as purely part of a routine administrative caretaking function. Thus, the reasonableness of the impoundment under the community caretaking function depends on whether the impoundment fits within the "authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience ...." *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976).

Under the circumstances, Defendant objects to the legal conclusion that any community caretaking function was necessary or reasonable. The traffic stop occurred at approximately 3:00 p.m. on a Sunday afternoon. It was going to be daylight for at least another 6-7 hours. The vehicle was pulled over on a gravel turn-out and not obstructing traffic in any fashion. The vehicle was a newer model capable of being easily locked and secured while left unattended for a brief period. The area was not remote or untraveled but instead located right along one of only two major highways that transgress the Kenai peninsula. Defendant indicated to the Trooper that he could have someone pick up the vehicle and that it was not a problem to leave. Howard simply chose otherwise for his convenience, not Defendant's. This was legally unnecessary and the Magistrate's conclusion on this point should be overruled.

However, assuming Howard's community caretaking function was properly implicated, the Magistrate's conclusion that he did so reasonably is improper. In light of Howard's uncontested, direct disregard for and violation of multiple directives set out in AAC § 13.02.345(c), his decision to impound Defendant's vehicle solely to avoid potential

vandalism was unreasonable. "A decision to impound a vehicle that is not consistent with the police's role as 'caretaker' of the streets may be unreasonable." *Miranda,* 429 F.3d at 865, citing *United States v. Duguay*, 93 F.3d 346, 352 (7th Cir.1996). In *Duguay,* the Court held that "impoundment based solely on an arrestee's status as a driver, owner, or passenger is irrational and inconsistent with 'caretaking' functions. Under [the police officers'] policies, towing is required any time the arrestee is carted off to jail, regardless of whether another person could have removed the car and readily eliminated any traffic congestion, parking violation, or road hazard." *Id.* at 353. "The policy of impounding the car without regard to whether the defendant can provide for its removal is patently unreasonable if the ostensible purpose for impoundment is for the 'caretaking' of the streets." *Id.*

The United States Supreme Court has long ago determined that there are limits in officers' discretion to ensure that they act consistently with their role of caretaker of the streets. Only caretaking functions performed under "reasonable police regulations relating to [impound or] inventory procedures administered in good faith satisfy the Fourth Amendment." *Colorado v. Bertine*, 479 U.S. 367, 374 (1987). The decision to impound must be guided by conditions which "circumscribe the discretion of individual officers" in a way that furthers the caretaking purpose. *Id.*, at 376; see also, *Duguay*, 93 F.3d at 352.

In this case, rather than law enforcement themselves, the Alaska legislature has established reasonable regulatory procedures directing what must happen when a law enforcement officer impounds a vehicle under a community caretaking scenario. The

Administrative code section setting forth the steps that an officer must follow when doing a community caretaking impound are not prerequisites to the impound or considerations to be made prior to an impound, they are in fact a step-by-step guide to the procedure that Alaska has mandated by law to inform the standardized procedure that must be followed when a caretaking impound is accomplished. If they can be ignored and an officer can impound the vehicle solely on discretion to whomever he chooses without consultation with the owner, then what is the purpose of the Administrative code at all? It is clear that if an officer is doing an investigatory impound a different standard applies but that is not applicable here.

      Here, it is undisputed here that Howard made the decision to impound the vehicle based on caretaking concerns. That decision made, Alaska law directs how he should perform that function. The Supreme Court, beginning with *Bertine*, and unchanged for decades has determined that only "reasonable police regulations relating to [impound or] inventory procedures administered in good faith satisfy the Fourth Amendment." None of the cases relied on by the government, nor any cases cited by the Magistrate Court deal with a circumstance where 1) a state law/regulation specifically directs how an impoundment is to occur, and 2) law enforcement directly violates that law/regulation in conducting an impoundment, yet the officer's actions are determined reasonable and not in violation of the Fourth Amendment. This is because courts across the land, based on Supreme Court precedent, have determined that an officer's discretion is not unbridled, but

rather is only reasonable when exercised within the law and consistent with standardized policies and procedures.

Here, the evidence shows and the Magistrate court has found that Officer Howards' actions clearly violated the Alaska Administrative code section directing how an impound for community caretaking must occur. That code section determines the "reasonable [governmental] regulations" for impound procedures in this State and this case. Howard's clear, direct and repeated violation of the code procedure makes the impound unreasonable and therefore a direct violation of Defendant's Fourth Amendment rights. The subsequent impound and seizure by ASAP Towing and later searches of the car are the fruits of the unconstitutional impound and must be suppressed. The Magistrate Court's conclusion to the contrary should be overruled.

DATED at Anchorage, Alaska this 17th day of June, 2020.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
DISTRICT OF ALASKA

*/s/ Gary C. Colbath*
Gary C. Colbath
Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on June 17, 2020. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary C. Colbath*