Gary C. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: gary_colbath@fd.org

Counsel for Defendant Rey Joel Soto-Lopez

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REY JOEL SOTO-LOPEZ,<br><br>Defendant. | Case No. 3:19-cr-00114-JMK-MMS<br><br>**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF MOTION TO SUPPRESS** |

Defendant Rey Joel Soto-Lopez, through counsel, Gary C. Colbath, Assistant Federal Defender, provides his memorandum to alert the Court to additional non-binding, but relevant authority in supplement to his earlier filings in support of his motion to suppress.

### ARGUMENT & AUTHORITIES

Defendant would direct the Court's attention to the Alaska Court of Appeals case of *Beuter v. State of Alaska*, 796 P.2d 1378, (AK Ct. App. 1990). There, Beuter was under arrested for driving while his license was suspended following a traffic stop. During an initial search of his car a small amount of marijuana and drug paraphernalia was found. After arresting Beuter, officers caused his vehicle to be

towed to the police station where it was subjected to a canine sniff. In reviewing the denial of his motion to suppress, the Court of Appeals noted that "[a]ssuming that the police would normally have arrested Beuter for this offense and would have towed his car to the police station incident to the arrest, it is possible that the additional intrusion of having a drug detection dog inspect Beuter's car while it was at the police station would be a minimal intrusion. The state argues that the police were authorized to tow the car to the police station under 13 AAC 02.345(c). However, that regulation reads as follows:

> When a police officer arrests and detains the driver of a motor vehicle the officer shall impound and remove the vehicle to a place of safety; however, the officer shall inform the driver that he may elect to have another immediately available person, who is legally licensed to drive a motor vehicle, drive or otherwise remove the vehicle as the driver directs. The driver may designate the nearest available garage or tow car operator of his choosing to remove the vehicle. If the driver does not so indicate, the officer shall make the arrangements necessary to remove the vehicle.

Even though Beuter was in custody, under the regulation **he still had rights to control what happened to his car**." *Id.* at 1383 (emphasis added).

The State regulation in *Beuter* is the precise regulation at issue here. The Alaska Court of Appeals clearly notes that this regulation gives an owner, even after arrest and remand to custody, control over what happens to his car. While this is true even when police seek to impound it for investigatory purposes (like in *Beuter*), it is even more so in cases like the present where police conclude their

investigation and release the vehicle for legal purposes.  Clearly, however, the Alaska statute at issue dictates what an officer "**shall do**" in order to properly impound the vehicle.

Here, as in *Beuter*, there are standardized criteria that apply when an officer takes possession of a vehicle.  Alaska law also requires that the officer make reasonable efforts to return the vehicle to the custody of a person immediately available or have it taken by a tow company chosen by the vehicle's owner. Impoundment is not a first resort, but only a last resort after alternatives have been exhausted.  Trooper Howard admitted, and the Magistrate Court has found, he failed to follow Alaska's standardized criteria for impoundment.  This direction violation of Defendant's rights regarding his vehicle under Alaska law makes Howard's actions per se unreasonable.  As such he violated Defendant's Fourth Amendment rights.  Accordingly, suppression of all evidence discovered subsequent to the unlawful impoundment should be suppressed.

DATED at Anchorage, Alaska this 11th day of August, 2020.

>Respectfully submitted,
>*/s/ Gary C. Colbath*
>Gary C. Colbath
>Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on August 11, 2020. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system. */s/ Gary C. Colbath*