BRYAN SCHRODER
United States Attorney

ALLISON M. O'LEARY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: allison.oleary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:19-cr-00114-SLG-MMS |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| REY JOEL SOTO-LOPEZ, | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE OPPOSING MOTION FOR ORAL ARGUMENT**

The United States opposes defendant Rey Soto-Lopez's motion for oral argument for failure to comply with an applicable local rule and in the interest of efficiency.

Soto-Lopez's motion for oral argument does not comply with Local Civil Rule 7.1(f), which defendant cited, requiring that oral argument requests be submitted within

five days of the last filing pertaining to a motion.[1]  ECF No. 65 (motion for oral argument).  This is because the Court struck defendant's "Supplement" filed August 12, 2020, as untimely and addressed by the initial report and recommendation, thus the last filing in this matter was the United States' June 24, 2020, response to Soto-Lopez's objections to the initial report and recommendation.  *See* ECF Nos. 61 (response R&R objections); 64 (supplement); 66 (text order striking supplement).

Granting Soto-Lopez's motion for oral argument is also not in the interest of efficiency because Soto-Lopez has already had numerous opportunities to present his arguments to the Court.  To illustrate, Soto-Lopez provided the Court with a fourteen-page memorandum in support of his initial motion on December 9, 2019, *see* ECF No. 18; he filed an eight-page reply to the United States' opposition on January 3, 2020, *see* ECF No. 34; he filed a seven-page supplemental argument following a related evidentiary hearing, *see* ECF No. 50; and he filed a six-page objection to the initial report and recommendation, ECF No. 60.  And though Soto-Lopez asks for "a chance" to orally argue the case to the Court, he in fact had an opportunity to provide oral argument following the evidentiary hearing, but declined to do so.  *See* ECF No. 52, pp. 147, 149-150 (transcript); ECF No. 65, p.2.

On its face, this extensive briefing history does not suggest that oral argument

---

[1] Local Civil Rule 7.1(f) applies in this criminal case via Local Criminal Rule 1.1(b), which applies the Local Civil Rules to criminal proceedings to the extent they are consistent with the Local Criminal Rules.  There is no Local Criminal Rule regarding the timing of oral argument requests, thus, as Soto-Lopez apparently recognized, Local Civil Rule 7.1(f) is consistent with the Local Criminal Rules and applies in this case.  *See* ECF No. 65, p. 2 (citing Local Civil Rule 7.1(f)).

would advance the Court's understanding of the issues raised by the motion to any appreciable degree, and Soto-Lopez's motion provides no reason to expect that it would, either. Soto-Lopez does not, for example, suggest any specific factual or legal issue that he wants to clarify. *See* ECF No. 65. Instead, he asserts that an oral argument on unspecified topics would "focus" the Court on the "core" of his motion, though he fails to explain how his previous filings, and particularly his succinct objections to the initial report and recommendation, do not do this already. *See* ECF Nos. 60, 65.

Soto-Lopez also asserts that an oral argument would allow counsel "to answer questions about the evidence presented at the evidentiary hearing … and perhaps elaborate on the context or significant of particular facts relevant to the motion." ECF No. 65. But Soto-Lopez *does not dispute* the factual conclusions in the initial report and recommendation, so the usefulness of an oral argument to clarify facts is doubtful, particularly because Soto-Lopez must necessarily have understood which facts the Court relied on in the initial report and recommendation in order to conclude that he did not object to them. *See* ECF No. 60, p. 1 ("Defendant does not object to the factual findings made by the Magistrate Court[.]").

Certainly, if the Court has questions, the United States is happy to address them. For the procedural and substantive reasons outlined above, however, the United States opposes holding an oral argument on the nebulous topics suggested in Soto-Lopez's motion for oral argument.

//

U.S. v. Soto-Lopez
3:19-cr-00114-SLG-MMS

3

RESPECTFULLY SUBMITTED August 13, 2020, in Anchorage, Alaska.

BRYAN SCHRODER
Acting United States Attorney

s/ *Allison M. O'Leary*
ALLISON M. O'LEARY
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, a true and correct copy of the foregoing was served electronically on the following:

Gary Colbath

s/ *Allison M. O'Leary*
Office of the U.S. Attorney

U.S. v. Soto-Lopez
3:19-cr-00114-SLG-MMS
4