BRYAN SCHRODER
United States Attorney

ALLISON M. O'LEARY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: allison.oleary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:19-cr-00114-JMK-MMS |
| Plaintiff, | ) |
| vs. | ) |
| REY JOEL SOTO-LOPEZ, | ) |
| Defendant. | ) |

**UNITED STATES' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND MOTION TO SUPPRESS EVIDENCE**

The United States opposes defendant Rey Soto-Lopez's motion for leave to file a late suppression motion because Soto-Lopez has not met his burden of establishing good cause to do so. Pretrial motions in this matter were due on

December 9, 2019.  *See* ECF Nos. 11 (Order Progression), 14 (Unopp'd Mot. Ext. Pretrial Mot. Deadline), 16 (Text Order Granting ECF No. 14).  To file a pretrial motion now, more than eleven months after that deadline, Soto-Lopez must show good cause for filing an untimely motion.  *See* Fed. R. Crim. P. 12(c)(3).  This is because, under Federal Rule of Criminal Procedure 12(b)(3)(C) and (c)(3), suppression motions filed after a deadline set by the Court may only be considered if the party seeking to file the motion shows good cause to do so.  This requirement "promotes more efficient case management," Fed. R. Crim. P 12(c), commentary to 2002 amendments, "while remaining a flexible standard that requires consideration of all interests in the particular case," *id.* at commentary to 2014 amendment*s*.  *See United States v. Guerrero*, 921 F.3d 895, 896-97 (9th Cir. 2019) (recognizing that Crim. R. 12(c)(3) imposes burden of good cause to consider untimely suppression motions).

    Good cause for a late-filed motion does not exist simply because other things were going on in the case.  *See, e.g.*, *United States v. Trobee*, 551 F.3d 835, 837 (8th Cir. 2009) (no abuse of discretion in refusing to consider late-filed motion to suppress where defense engaged in plea negotiations in interim).  Nor must an opposing party show prejudice; indeed, the First Circuit has held that a party *seeking* leave to file a late motion must show prejudice and cause to establish "good cause".  *See United States v. Arias*, 848 F.3d 504, 513 (1st Cir. 2017).

U.S. v. Soto-Lopez
3:19-cr-00114-JMK-MMS

Here, Soto-Lopez seeks leave to file an untimely suppression motion about alleged deficiencies in a search warrant affidavit that was produced in initial discovery in on October 23, 2019. ECF No. 73.1 (proposed motion). Also produced more than a year ago were reports from the Alaska State Troopers detailing the timeline of events with a tow truck driver whose testimony the proposed motion claims cannot support probable cause, as well as in-car video showing the duration and extent of on-scene searches.[1] These items contain the information upon which the proposed late-filed suppression motion is based (albeit not quite as the motion describes them), and the defense has failed to articulate any true reasons the motion was not filed in a timely fashion.

Instead, the defense asserts no reason to file late other than having "review[ed] documents and evidence related to the prior suppression litigation process, together with information obtained during the defense's own investigation during trial preparation[.]" ECF No. 73, p. 2. This "reason" is notable for what it lacks: any mention of dates when documents and evidence were received or reviewed, any mention of how information obtained from the defense's own investigation is relevant to the motion, any mention of when any such unspecified

---

[1] The search warrant affidavit began at Bates 10 and the AST reports at Bates 176; both were produced on October 23, 2019. The ICV showing the extent of the on-scene search was produced at Bates 353 on November 5, 2019.

U.S. v. Soto-Lopez
3:19-cr-00114-JMK-MMS

3

information was obtained, or any explanation for why the motion was not let alone could not have been, filed in a timely manner. *Id.*

The proposed motion itself sheds no more light on why there is good cause for its lateness: It alleges merely a lack of probable cause on the face of the search warrant affidavit that was discovered on October 23, 2019, and material omissions in the same affidavit. ECF No. 73.1, p. 3. And even assuming for the sake of argument that the motion relies to some small extent on information gleaned from the January 28, 2020, evidentiary hearing on the prior motion in this case (at which both the trooper who swore the affidavit and tow-truck driver testified, *see* ECF Nos. 45, 46) the defense makes no attempt to explain the 10-month delay between that hearing and the proposed motion. ECF No. 73.1.

Finally, the defense alleges that the late filing of the proposed suppression motion "will not prejudice either party." ECF No. 73.1. This argument is unsound for invalidity and resting on a false premise. The false premise is that the United States is not prejudiced. Though the United States may not be as prejudiced as it would be if the motion were filed shortly before trial, the United States nonetheless relies on reasonable acquiescence to scheduling requirements to determine what matters it has capacity to take on. For example, in this case, the undersigned had long since stopped expecting pretrial motion work in this case and is now responding to this motion during the holidays with time allotted for working on

U.S. v. Soto-Lopez
3:19-cr-00114-JMK-MMS

motions in limine due December 7, 2020, in a case expected to proceed to a bench trial on January 19, 2021, while also working on assorted witness issues and grand jury presentations in a series of related, ongoing investigative matters. *See United States v. Chaplin*, 3:19-cr-00121-SLG. The argument is invalid because a lack of prejudice does not equate to good cause; rather, it is something to balance against an actual reason for late filing to determine good cause, not something the non-movant must show. *See United States v. Arias*, 848 F.3d at 513.

The defense seeks the Court's permission to file a motion nearly a year late without providing any concrete information suggesting the motion could not have been filed in a timely fashion nor any attempt to explain why it was not. With this paucity of information, the defense has not met its burden of establishing "good cause" for a late filed motion under Rule 12(c)(3), so the Court should deny the motion for leave to do so.

RESPECTFULLY SUBMITTED November 24, 2020, in Anchorage, Alaska.

> BRYAN SCHRODER
> United States Attorney
>
> /s/ Allison M. O'Leary
> ALLISON M. O'LEARY
> Assistant U.S. Attorney
> United States of America

U.S. v. Soto-Lopez
3:19-cr-00114-JMK-MMS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2020, a true and correct copy of the foregoing was served electronically on the following:

Gary Colbath

s/ Allison M. O'Leary
Office of the U.S. Attorney

U.S. v. Soto-Lopez
3:19-cr-00114-JMK-MMS