# UNITED STATES DISTRICT COURT
for the
District of Alaska

Petition for Action on Conditions of Pretrial Release

| | |
|---|---|
| **Name of Defendant:** | Rey Joel Soto-Lopez     **Case Number:** 3:19-CR-00114-001-JMK-MMS |
| **Name of Judicial Officer:** | Honorable Matthew M. Scoble, United States Magistrate Judge |
| **Date of Pretrial Release:** | April 9, 2021 |
| **Charges:** | Count 1: Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B) – Possession with Intent to Distribute Controlled Substances; |
| | Count 2: Title 18 U.S.C. §§ 924(c)(1)(A)(i), (B)(ii) – Possession of Firearm in Furtherance of a Federal Drug Trafficking Crime; |
| | Count 3: Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2) – Felon in Possession of Firearms |
| **Case Status:** | Pending trial |
| **Assistant U.S. Attorney:** | Allison Meredith O'Leary     **Defense Attorney:** Gary George Colbath |
| | Gailon Michael Ebell |

## PETITIONING THE COURT

☒ To issue a summons
☐ To issue a warrant
☐ No further action to be taken

The pretrial services officer believes the defendant has violated the following condition(s) of pretrial release:

| Violation Number | Nature of Non-compliance |
|---|---|
| 1 | The defendant violated the pretrial services release condition "The defendant must participate in one of the following location restriction programs and comply with its requirements as directed, Home Incarceration, you are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court or USPO/PTS," in that the defendant deviated from his approved location monitoring schedule on April 27, 2021. |
| 2 | The defendant violated the pretrial services release condition "The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner," in that the defendant used methamphetamine between April 14, 2021, and April 27, 2021, as indicated by a positive sweat patch result confirmed by PharmChek laboratory. |
| 3 | The defendant violated the pretrial services release condition "The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner," in that the |

defendant used heroin between April 14, 2021, and April 27, 2021, as indicated by a positive sweat patch result confirmed by PharmChek laboratory

**DECLARATION AND RECOMMENDATION:**

On October 18, 2019, a three-count Indictment was filed in the U.S. District Court for the District of Alaska charging the defendant with Count 1 - Possession with Intent to Distribute Controlled Substances, Count 2 - Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime, and Count 3 - Felon in Possession of Firearms. The defendant was in state custody and appeared before this Court on a *Writ of Habeas Corpus Ad Prosequendum* for an Arraignment on the Indictment/Detention Hearing on October 22, 2019, before the Honorable Matthew M. Scoble, U.S. Magistrate Judge. Due to the defendant's status with state case and no bail proposal, the Court ordered the defendant's detention.

On April 6, 2021, the defendant appeared in court for a Bail Review Hearing before U.S. Magistrate Judge Scoble, and was ordered to be released at 8:00 a.m. on April 7, 2021, with conditions to include residing at transitional housing with GPS monitoring and drug testing.

On April 7, 2021, this officer contacted the Anchorage Jail to inquire about the defendant's release status and was notified a time accounting was required for his state parole violations. On the same date, a time accounting was calculated with a release date of July 23, 2022. This officer notified defense counsel the same date.

On April 8, 2021, defense counsel contacted this officer and indicated the time accounting was revised and the defendant would be able to release on April 9, 2021, pursuant to the Court's order.

On April 9, 2021, the defendant released to House of Transformation, his GPS unit was installed, and location monitoring agreement as well as conditions of release were reviewed and signed. He reported an understanding of the consequences of violating his conditions and/or the location monitoring program. Additionally, a urinalysis specimen provided by the defendant tested negative. He was instructed to report to the U.S. Probation and Pretrial Services office on April 12, 2021, for his post release intake.

On April 12, 2021, the defendant reported as instructed to the U.S. Probation and Pretrial Services office. This officer discussed any prescription medication the defendant may be taking, and the defendant reported he has been prescribed Gabapentin since 2017 which he described as a nerve blocker, and he did not believe it was a narcotic. This officer reminded the defendant per his drug testing and Sweat Patch agreements he is to provide his supervising officer all prescriptions and the prescription container clearly marked with the substance, prescribing medical provider, date, and quantity. He stated he understood and would provide the information. The defendant denied any other prescription medication and any illicit drug use. This officer reviewed the location monitoring agreement as well as conditions of release with the defendant a second time and answered questions to ensure he understood the requirements. He reported an understanding of the consequences of violating his conditions and/or the location monitoring program.

On April 13, 2021, this officer spoke with the defendant and clarified he may not leave the building at House of Transformation due to his home incarceration status. Explained he cannot go outside unless he is going out on a pass approved by this officer. The defendant indicated that was not clear previously but following our conversation he understood.

On April 19, 2021, U.S. Probation and Pretrial Services received results for the defendant's sweat patch that was positive for methamphetamine and heroin. This officer contacted the defendant who stated he had not used any illicit substances and he did not know why the test was positive. He further stated upon arrest that he had prescription pills in a sandwich bag that was put into his property. The defendant reported he took these pills upon release because he "assumed they were [his] prescription pills." He detailed there were six or seven pills, and initially was unable to recall the names of all the medications. However, he later reported they were Gabapentin, Naproxen, and Sildenafil, and stated he consumed the remainder of them on April 12, 2021.

On April 21, 2021, this officer filed a Petition for Action due to the defendant testing positive for heroin and methamphetamine. The defendant denied use of either substance and this officer recommended no action to allow him the opportunity to complete his substance abuse assessment and engage in any recommended treatment.

On April 22, 2021, the Honorable Matthew M. Scoble, U.S. Magistrate Judge, concurred with this officer's recommendation; no action was taken at that time.

On April 23, 2021, the defendant notified this officer he had a behavioral health assessment scheduled on April 27, 2021, at 9:00 a.m. with Alaska Behavioral Health. This officer instructed the defendant to provide documentation from his appointment for verification purposes such as a discharge or receipt.

On April 27, 2021, this officer contacted the defendant to inquire how the assessment went and requested documents for verification. The defendant stated he signed a release of information (ROI) for this officer and the provider should have emailed something. This officer stated that documentation had not been received and instructed him to take a picture of anything he was provided. The defendant failed to provide the requested documents.

On April 28, 2021, this officer contacted the defendant and instructed him again to provide any documentation of what was provided at his behavioral assessment. The defendant failed to provide the requested documents. This officer reviewed GPS mapping for the defendant and noted he went into Alaska Behavioral Health for several minutes then remained in the parking lot for approximately one hour.

On April 29, 2021, this officer spoke with staff at Alaska Behavioral Health and inquired if the defendant signed an ROI for this officer. Staff stated he had, and this officer inquired about his assessment on April 27, 2021. Staff relayed the defendant was not seen as the provider was unavailable and he was rescheduled for May 3, 2021 at 9:00 a.m. This officer contacted the defendant and initially he stated he was waiting for a ride. However, he then admitted he was in a vehicle in the parking lot with a female friend during that time who had provided transportation. The defendant indicated he was aware this was not within the parameters of his conditions and that he should have notified this officer and returned directly to House of Transformation (HOT) after being informed he would be rescheduled.

On May 3, 2021, U.S. Probation and Pretrial Services received results for the defendant's sweat patch that tested positive for methamphetamine and heroin. This officer contacted PharmChek laboratory to inquire if the defendant's initial use could cause this sweat patch to also test positive. They relayed if the use occurred close to when the first patch was removed, which is also the same date the new patch was applied, it is possible that could cause the second positive test. This officer contacted the defendant who stated he had not used any illicit substances and he did not know why the test was positive.

PS 8
Petition for Action on Conditions of Pretrial Release
Rey Joel Soto-Lopez 3:19-CR-00114-001-JMK-MMS

The defendant is a PTRA Category Three.

The defendant is assessed as a risk of nonappearance based on the following factors:

- Nature of Instant Offense
- Substance Abuse History
- Criminal Activity while Under Supervision
- Non-Compliance while on Pretrial/Probation/Parole/Supervised Release Status

The defendant is assessed as a danger to the community based on the following factors:

- Nature of the Instant Offense
- Substance Abuse History
- History of Charges Involving Violence
- Violent Behavior History
- Prior Arrests/Convictions
- Criminal Activity While Under Supervision
- Non-Compliance while on Pretrial/Probation/Parole/Supervised Release Status

This is the second Petition for Action filed by in this case since the defendant released on April 9, 2021. The defendant deviated from his approved location monitoring schedule less than a week following notification that he tested positive for methamphetamine and heroin. The defendant was aware of the requirements for verification, as evidenced by his previous instances of providing documentation to this officer. Additionally, he was aware of the parameters of his passes as this officer explicitly discussed with the defendant on prior occasions that he must travel directly from HOT to the approved appointment or activity and immediately return. Specifically, he was informed he does not have extra time and if an appointment or activity ends earlier than anticipated he must return immediately to HOT. The defendant was aware of this and still chose to deviate from his approved schedule.

Furthermore, he has now tested positive for heroin and methamphetamine a second time. The defendant is scheduled to participate in a substance abuse assessment on May 5, 2021. It is this officer's hope the defendant will obtain the tools necessary in substance abuse treatment to maintain his sobriety. In discussions with the defendant regarding his behavior, it appears there are thinking errors that need to be addressed. He speaks of his conditions as "big" and "small" pieces, stating he has been compliant with the "big" pieces. This officer informed the defendant that every component of his conditions is "big" in that each is important and must be followed. This officer believes the defendant would benefit from an appearance before the Court to solidify the potential consequences of his noncompliant behavior.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 5th day of May at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

Rachel Kosakowski
U.S. Probation Officer
May 5, 2021

Approved by:

Rhonda Langford Taylor
Chief U.S. Probation Officer

# UNITED STATES DISTRICT COURT
for the
District of Alaska

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case Number: 3:19-CR-00114-001-JMK-MMS |
| vs. ) | |
| ) | ORDER |
| REY JOEL SOTO-LOPEZ ) | |

Based on the *Petition for Action on Conditions of Pretrial Release* filed on May 5, 2021, regarding the above-named defendant, **IT IS HEREBY ORDERED that**:

[ ] **[For U.S. District Judge:]** A WARRANT FOR ARREST be issued and delivered to the U.S. Marshal's Service; and that the petition, this order, and a copy of the warrant be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the defendant.

[ ] The petition for action is referred to the U.S. Magistrate Judge for pretrial release matters.

[ ] The petition for action will remain with the U.S. District Judge for pretrial release matters.

[ ] The matter be scheduled for a bail review hearing before the U.S. District Judge. Upon the scheduling of the hearing, the Clerk's office shall unrestrict access to the petition for action.

[ ] **[For U.S. Magistrate Judge:]** A WARRANT FOR ARREST be issued and delivered to the U.S. Marshal's Service; and that the petition, this order, and a copy of the warrant be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the defendant.

[ ] A SUMMONS be issued for the matter to be scheduled for a bail review hearing before the U.S. Magistrate Judge. Upon the scheduling of the hearing the Clerk's Office shall unrestrict access to the petition for action. **The Clerk is directed to issue a summons for defendant to appear for a bail review hearing on**

[ ] Other: _____

Dated this ____ day of _____ 20__.

Honorable Matthew M. Scoble
United States Magistrate Judge