Gary C. Colbath
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
425 G Street, Suite 800
Anchorage, Alaska 99501
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: Gary_colbath@fd.org

Counsel for Defendant Rey Joel Soto-Lopez

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>REY JOEL SOTO-LOPEZ,<br><br>  Defendant. | Case No. 3:19-cr-00114-SLG-MMS<br><br>**DEFENDANT'S OBJECTIONS TO MAGISTRATE COURT'S INITIAL REPORT & RECOMMENDATION (DKT. 197) REGARDING SECOND MOTION TO SUPPRESS EVIDENCE (DKT. 84)** |

Defendant Rey Joel Soto-Lopez, through counsel, Gary C. Colbath, Assistant Federal Defender, respectfully submits the following objections to the Magistrate Court's Initial Report and Recommendations, Dkt. 197, regarding Defendant's second motion to suppress.

**I. FACTUAL OBJECTIONS**

Defendant objects to the factual findings made by the Magistrate Court on page 4 where the Court concludes that Howard "performed cursory search of the back seat of the vehicle from the rear passenger-side door." The dashcam video shows Trooper Howard searching the backseat from both the driver's side of the car, where he looks for approximately 30 seconds, and then later searching from the passenger's side for

approximately a minute. Moreover, given Howard's testimony that the backseat was relatively empty, his search was thorough, although brief as the seat was clear of any items.

Next, with respect to the Court's findings in factual section C. regarding Ira Beck's call to the Trooper Post, the Court should have made a finding based on Howard's uncontradicted testimony that with respect to the additional drugs Ira Beck reported he found lying on the back seat of the vehicle, Howard "could have missed it if it was hidden in the rear, but [I] wouldn't have missed it on a back seat." TR. p. 53, lines 10-13. Defendant further objects to the finding in this section that Beck "volunteered" to bring the vehicle back to the Post. The recorded dispatch calls indicate that Sgt. Simmons instructed Beck to bring the car to the Post simply after he asked what he should with it? The Court should have found that Beck acted at the direction of law enforcement and not of his own volition.

Next, with respect to section D., the Court should have made a finding that during the unrecorded call between Howard and Beck, Howard never asked Beck how he knew the substance he found was methamphetamine nor did he ask about Beck's familiarity with or basis for knowledge about methamphetamine. TR. p. 32, 34.

## II. LEGAL OBJECTIONS

Defendant objects to the following legal conclusions:

On page 13 the Magistrate Court concludes that "Beck was a named citizen informant, not a confidential and/or criminal informant, under Alaska law." Defendant objects to this conclusion. Although Ira Beck was acting in his business capacity as a tow

truck driver, involved at the initial request of law enforcement, the evidence demonstrates that he had serious felony criminal charges pending at the time of his report to dispatch about the drugs he supposedly found. Beck certainly could have been motivated by a desire to gain favor from law enforcement or authorities related to his own pending charges as a motivation for making his report. As such he was more akin to a criminal informant than a citizen informant.

The evidence also showed Beck had a forgery charge on his record, which Howard failed to discover or report. "Any crime involving dishonesty necessarily has an adverse effect on an informant's credibility." *United States v. Reeves*, 210 F.3d 1041, 1045 (9th Cir.2000). Therefore, when an informant's criminal history includes crimes of dishonesty, additional evidence must be included in the affidavit "to bolster the informant's credibility or the reliability of the tip." *Id*. Otherwise, "an informant's criminal past involving dishonesty is fatal to the reliability of the informant's information, and his/her testimony cannot support probable cause." *Id*. (citing *United States v. Meling*, 47 F.3d 1546, 1554-55 (9th Cir.1995)).

Next, Defendant objects to the conclusions regarding the information presented to the magistrate that could have permitted an assessment of Beck's credibility described by the court on page 14. First, Howard found personal use quantities of heroin and heroin use paraphernalia and had found nothing to indicate dealer type evidence was present. Beck reported finding a large quantity of a completely different drug, methamphetamine. This report is factually inconsistent with what Howard had found and not at all corroborative.

This is especially true given Beck's assertion that he observed the big bag of meth in plain view lying on the back seat. This report was directly contrary to what Howard had observed and to his sworn testimony that he would not have missed evidence like that if it had been in that location. Thus, rather than lead Howard to rely on Beck, Beck's report should have caused Howard to further question the report. Critical to this motion, however, is that Howard failed to detail this important inconsistency for the magistrate but instead, changed the narrative of his affidavit to make the facts appear explanatory as to why he might have missed these additional drugs and how the tow truck driver might have reasonably discovered them later.

Next, Defendant objects to the conclusion on page 14-15 that Defendant has failed to state the conclusory facts listed in the affidavit or relied on by the magistrate to support issuance of the warrant. The most significant conclusory fact is Beck's statement that he "found methamphetamine" period. Howard's sworn testimony demonstrated that 1) this was the first time he had ever dealt with Beck; 2) he did not ask Beck why he thought or how he knew the substance he observed was meth; 3) he did not have Beck describe the actual substance or any of its qualities, save for the size (as big as my fist); and 4) he did not ask Beck about any history he had with using, possessing, or even seeing meth in the past. See, TR. pp. 32-34. Instead of making any inquiry, he simply accepted Beck bare assertion that he "found a bag of meth the size of my fist." This conclusion should have been questioned given that Howard had only observed heroin and paraphernalia related to user of that drug.

Next, Defendant objects to the conclusion on pages 16-17 of the report related to Howard's failure to accurately report the nature of his search. The point of Howard's failure to explain to the magistrate the exact nature of his search, is that Howard's search, if properly described, would have undermined the subsequent report made by Beck as to how and where he found the drugs he later reported. Instead of providing a thorough and accurate description of the events, Howard described in cursory and vague fashion his search and the result, and then provided a false narrative of Beck's report that fit around his earlier report. This was done to prevent the magistrate from questioning the discrepancies in the way things transpired.

Next, Defendant objects to the conclusion on pages 21-22 that Howard has no duty to disclose Beck's pending criminal charges to the magistrate. Beck had active, serious pending criminal charges against him at the time of his report. This fact gave Beck a clear motivation to try and gain favor with authorities by providing information to them about other criminal activities. Failure to identify, appreciate or report this circumstance by Howard was reckless conduct that prevented the magistrate from considering it.

Finally, Defendant objects to the conclusion on page 24 of the report determining that "the credibility of Beck's report that he had discovered suspected methamphetamine in Soto-Lopez's car would not have been negated" regardless of how/where he found the drugs. As noted above, given that his report directly contradicted what Howard had already observed and knew about the condition of the car, the false report or failure to explain this contradiction to the Magistrate Court completely changed the assessment of Beck's

credibility by the magistrate and prevented him from making a fully informed or accurate assessment of Beck. This was the misleading conduct that Howard engaged in that should be found to be fatal in this case.

DATED at Anchorage, Alaska this 22nd day of October, 2021.

Respectfully submitted,<br>
FEDERAL PUBLIC DEFENDER<br>
DISTRICT OF ALASKA

*/s/ Gary C. Colbath*<br>
Gary C. Colbath<br>
Assistant Federal Defender

<u>Certificate of Service</u>:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on October 25, 2021. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Gary C. Colbath*