S. LANE TUCKER
United States Attorney

G. MICHAEL EBELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.ebell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00114-JMK-MMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **FINAL ARGUMENT REGARDING** |
| vs. | ) | **EVIDENTIARY HEARING ON** |
| | ) | **MOTION TO RECONSIDER** |
| REY JOEL SOTO-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and files this final argument related to the reconsideration of defendant's first motion to suppress at docket 46. The Magistrate Court's initial report and recommendation recommending denial of the motion suppress was correct in findings of fact and law. ECF No. 68. The evidence presented at the April 15, 2022, evidentiary hearing, supports the first report and recommendation's conclusion

that the Fourth Amendment was not violated. ECF No. 246. The motion to suppress should be denied for the reasons previously recommended by the Magistrate Court and adopted by the District Court. ECF Nos. 68, 71.

I. Facts

The facts of the case are thoroughly outlined in the Magistrate Court's Report and Recommendation at Docket 68, a summary follows. On March 14, 2019, defendant Soto-Lopez was pulled over in a traffic stop near milepost 58.5 on the Sterling Highway. ECF No. 68 at 3. He was arrested for a parole violation after baggies with heroin reside, a scale and syringes were found in his vehicle. ECF No. 68 at 4. Trooper Howard refused Soto-Lopez's request that someone be allowed to pick up his vehicle and called for a tow truck to remove it from the side of the road. ECF No. 68 at 5. Trooper King had arrived on scene and waited with the vehicle while Trooper Howard left with Soto-Lopez in custody. ECF No. 68 at 5. The vehicle was towed by a private company and later found to contain the controlled substances and firearms resulting in the charges in this case. ECF No. 68 at 5-6.

The defendant filed a motion to suppress asserting that the seizure of his vehicle was in violation of the Fourth Amendment. ECF No. 17. The court held an evidentiary hearing on January 28, 2020, at which the United States called Parole Officer Eileen Farrar and then State Trooper Trevor Howard. ECF No. 46. The Magistrate Court issued a Final Report and Recommendation recommending the denial of the motion to suppress. ECF No. 68. The District Court adopted the Final Report and Recommendation and denied the motion to suppress. ECF No. 71.

Defendant filed a Second Motion to Suppress on December 16, 2020, moving to suppress evidence seized "pursuant to State of Alaska search warrant 3AN-19-925SW during searches by law enforcement on March 24 and 25, 2019." ECF No. 84. Prior to the evidentiary hearing on March 5, 2021, the United States learned that Trevor Howard was no longer an Alaskan State Trooper, and that his departure from the Troopers was under circumstances requiring disclosure pursuant to *Giglio v. United States,* 405 U.S. 150 (1972). ECF No. 112. Personnel materials were filed with the Court and disclosed to the defense after appropriate redactions. ECF No. 123. A hearing was held on May 20, 2021. ECF No. 148. Former Trooper Howard testified at that hearing and was cross examined by the defense about the newly discovered materials speaking to his credibility. ECF No. 153. The Magistrate Court issued a Final Report and Recommendation recommending denial of the second motion to suppress and the District Court concurred and denied the motion. ECF No. 210; ECF No. 222.

On January 13, 2022, Defendant filed a Motion to Reconsider Denial of Defendant's First Motion to Suppress Evidence. This motion was based on the disclosures related to Trevor Howard, which defense characterizes as "a pattern of dishonesty and misconduct." ECF No. 226. The motion asked the Court to grant the original motion, or in the alternative, to "reopen the evidentiary hearing so that Mr. Soto-Lopez can further cross-examine Howard about his reasons for impounding the car." ECF No. 226. The District Court granted this motion in part and resubmitted the first motion to suppress to the Magistrate Judge to consider the impact of the additional information now known about former Trooper Howard. ECF No. 234. Specifically, this relates to

Howard's testimony regarding the seizure of Defendant's vehicle pursuant to the community caretaker exception. ECF No. 226. The Magistrate Court held an evidentiary hearing on April 15, 2022, with the sole witness being Trooper King. ECF No. 245. The parties now submit final briefing in argument as to whether the Court should reconsider its previous finding that the seizure of defendant's vehicle did not violate the Fourth Amendment. ECF No. 68.

## II. The Facts Remain Unchanged and Consistent with the Magistrate Court's Initial Findings

In the initial Report and Recommendation, the Magistrate Court found that the community caretake exception applied to the seizure of defendant's vehicle. ECF No. 68 11-13. This was based on testimony that "the vehicle was at risk of vandalism, due to its location in a remote section of the Sterling Highway." ECF No. 68 at 11. The finding was further supported because it was "objectively reasonable" and there was no indication of nefarious purpose or intent behind the seizure. ECF No. 68 at 12, n.19. As the vehicle was towed to a private tow yard rather than to the trooper post to potentially apply for a search warrant. ECF No. 68 at 12.

These findings remain accurate regardless of the attacks on former Trooper Howard's credibility. The court fully heard testimony on his credibility at the evidentiary hearing relating to the second motion to suppress. ECF No. 148. As was initially found, his testimony that a vehicle on that section of the Sterling Highway would be vulnerable to theft or vandalism was supported by the circumstantial evidence of the seizure and it was reasonable that a vehicle on the side of the highway would face such risks. The

attacks on his credibility do not undo the accuracy of the Court's initial analysis.

Despite this the court now has the testimony of Trooper King which entirely supports Howard's previous testimony and the findings within the Report and Recommendation. ECF No. 246. He testified that he waited with defendant's vehicle in a remote section of the highway. ECF No. 246 at 11. He said that in his experience "theft is a huge issue with vehicles left along the side of the highway and other things that are stealable," and he referenced a case from that area of stolen vehicle batteries. ECF No. 246 at 12. He confirmed trooper policy is to wait with vehicles when they are impounded in order to prevent vandalism, theft and avoid potential liability. ECF No. 246 at 13. He also testified there was no intent to investigate the defendant's vehicle further, confirming that the seizure had no ulterior motives. ECF No. 246 at 14.

The conclusions reached by the Magistrate Court in denying the motion to suppress remain supported by the facts. Speculation about actions that could have been taken by the troopers remain irrelevant to this consideration. As was noted previously by the court the question central to the motion is whether the Fourth Amendment was violated by this seizure. Despite the new issues raised regarding Howard's credibility the facts supporting the application of the community caretaker exception remain unchanged. The motion to suppress should be denied.

//

//

//

//

RESPECTFULLY SUBMITTED June 10, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ G. Michael Ebell
G. MICHAEL EBELL
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022,
a true and correct copy of the foregoing
was served electronically on the following:

Gary Colbath

s/ G. Michael Ebell
Office of the U.S. Attorney